NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3093

CLIFTON W. ASHWORTH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: June 9, 2006

_____

Before SCHALL, LINN, and DYK, Circuit Judges.

PER CURIAM.

Clifton W. Ashworth ("Ashworth") appeals a final decision of the Merit Systems Protection Board ("Board"), Ashworth v. Dep't of the Army, No. SF-3443-05-0639-I-1 (M.S.P.B. Oct. 6, 2005) ("Final Order"), dismissing, as having been untimely filed without a showing of good cause for delay, Ashworth's petition for review of the administrative judge's ("AJ") initial decision, Ashworth v. Dep't of the Army, No. SF-3443-05-0639-I-1 (M.S.P.B. June 14, 2005) ("Initial Decision"), and ordering that the initial decision dismissing Ashworth's appeal for lack of jurisdiction remain the final

decision of the Board. Because the Board's decision is not an abuse of discretion, is supported by substantial evidence, and does not otherwise contain reversible error, we affirm.

BACKGROUND

Ashworth is employed by the Department of the Army (the "Agency") as a Supervisory School-Age Coordinator. He applied for the positions of Child Development Center Director and Training and Curriculum Specialist, but was found not qualified for those positions because those positions require a four-year bachelors degree including 24 semester hours in higher-level courses (the "education requirement"), whereas Ashworth has a two-year associate degree and has taken no higher-level courses.

In May 2005, Ashworth filed an appeal with the Board, challenging the Agency's determination that he was not qualified and the manner in which the Agency applied the education requirement to his employment determination. Because, in general, non-selection of employment is not appealable to the Board, the AJ notified Ashworth of his burden to prove jurisdiction and ordered him to submit evidence to support jurisdiction (the "Order"). Initial Decision, slip op. at 1. Ashworth did not respond to the Order by the June 3, 2005 due date. Id. The AJ thus considered Ashworth's evidence that was of record and, on June 14, 2005, concluded that it did not have jurisdiction. Id., slip op. at 2. The initial decision stated that it would become final on July 19, 2005 "unless a petition for review is filed by that date or the Board reopens the case on its own motion." Id., slip op. at 3.

Ashworth did not respond to the dismissal until August 16, 2005, when, acting pro se, Ashworth filed a petition for review. The Board found that the petition for review

was untimely, but considered whether Ashworth provided a basis for waiving the filing deadline. The Board held that Ashworth's delay of almost one month was not minimal and concluded that Ashworth failed to allege or provide evidence that good cause existed for the late-filed petition. The Board therefore declined to waive the regulatory time limit for filing the petition, dismissed the petition for review as untimely, and ordered that the initial decision remain the final decision of the Board. Final Order, slip op. at 4.

Ashworth timely appealed the Board's Final Order to this court pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

A. Standard of Review

This court must affirm a Board decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see also Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Whether the Board has jurisdiction to adjudicate a particular appeal, however, is a question of law that we review de novo. See Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003). The burden of establishing reversible error in a Board decision rests upon the petitioner. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

## B. Analysis

On appeal, Ashworth seeks review of both the substance of the final decision and the Board's conclusion that his petition for rehearing was untimely. As concerns the timeliness issue, Ashworth argues that his delay in filing the petition for review was due to information he characterizes as "misleading" that led to confusion on his part as to which agency had jurisdiction over his appeal – the Board or the Office of Special Counsel, where Ashworth was pursuing a similar complaint. Ashworth does not dispute the untimeliness of his petition for review; rather, he argues that the Board erred in finding no good cause existed for the delay because he relied on the information that "misled" him to think that the Office of Special Counsel may have jurisdiction over his employment dispute and he did not want to waste the Board's time in reviewing a claim that was not properly before the Board.

Before the Board, the petitioner has the burden of establishing that a delay in filing the petition for review was excusable. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). When determining whether a petitioner has shown good cause for an untimely filing, the Board considers: (a) the length of the delay; (b) the reasonableness of the petitioner's excuse and any showing of due diligence; (c) whether the petitioner is proceeding pro se; (d) whether the petitioner has presented evidence of the existence of circumstances beyond his or her control that affected the petitioner's ability to comply with the applicable time limit; and (e) whether the petitioner suffered some unavoidable casualty or misfortune that caused the appellant's filing to be untimely. Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994). Finally, whether the time limit for a filing deadline should be waived based upon a showing of

good cause is a matter entrusted to the Board's discretion, and we will not substitute our judgment for that of the Board. Mendoza, 966 F.2d at 653.

We see no reason to disturb the Board's conclusion that Ashworth failed to establish good cause for his delay in filing his petition for review. Ashworth acknowledges that he failed to file a petition for review because he understood that "the Board may not have jurisdiction over my appeal." Although Ashworth is acting pro se, his belief that an appeal is hopeless or electing another avenue of appeal does not establish good cause for the untimely filing of a petition for review. See Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1378 (Fed. Cir. 2003) (stating that "an election not to pursue further remedies because of a belief that further review would be fruitless does not constitute a showing of good cause for a filing delay" and concluding there was no good cause for delay where petitioner was uncertain as to whether the Board had jurisdiction and, rather than file a timely appeal with the full Board, elected to pursue a complaint with the Equal Employment Opportunity Commission). On this record, we cannot conclude that the Board abused its discretion by holding that Ashworth failed to demonstrate good cause for his untimeliness.

As concerns Ashworth's arguments relating to the substance of the initial decision, we are without jurisdiction to consider those arguments. Because we affirm the Board's dismissal of Ashworth's petition for review of the initial decision, the initial decision remains the final decision of the Board, effective July 19, 2005. See 5 C.F.R. § 1201.113. Any appeal to this court regarding the final decision of the Board should have been filed not later than 60 days from the date Ashworth received notice of that decision. See 5 U.S.C. § 7703(b)(1). However, Ashworth's petition for review was

not filed until December 13, 2005, almost three months later. Because Ashworth's appeal from the initial decision is untimely, it will not be considered here.

For the foregoing reasons, the decision of the Board is affirmed.

COSTS

No costs.