NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD E. ESCUDERO,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3020

---

Petition for review of the Merit Systems Protection Board in MSPB Docket No. DA0752100118-I-1.

---

Decided: June 9, 2011

---

EDWARD E. ESCUDERO, of The Woodlands, Texas, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, LINN and DYK, *Circuit Judges*.

PER CURIAM.

Edward E. Escudero seeks review of the final decision of the Merit Systems Protection Board ("the Board") dismissing his petition for review as untimely filed without a showing of good cause for the delay. *See Escudero v. Dep't of Health & Human Servs.*, No. DA0752100118-I-1 (M.S.P.B. Sept. 30, 2010). Because the Board did not abuse its discretion, we *affirm*.

## BACKGROUND

Escudero was employed as a Public Health Advisor by the Department of Health and Human Services, Centers for Disease Control and Prevention (CDC), Division of Sexually Transmitted Disease Prevention. In 1982, Escudero signed a document entitled "Acknowledgement of Understanding of Reassignment Requirement," in which Escudero indicated that he understood that the CDC may relocate him during the course of his employment. In particular, Escudero "accept[ed] the relocation aspects" of his career as a "normal condition of employment."

In 2001, as part of a settlement of an action that Escudero filed at the Equal Employment Opportunity Commission, Escudero was assigned to work in Houston, Texas as a Special Project Coordinator/Public Health Official in the Texas Department of State Health Services (TDSHS), a CDC employment position created as part of a 2000 agreement between the CDC and the State of Texas. In 2007, TDSHS determined that Escudero's position was no longer needed, and the CDC subsequently offered Escudero a position in Nashville, Tennessee.

Escudero declined the reassignment to Nashville and elected to retire, effective October 31, 2007. Escudero

thereafter filed a complaint at the Equal Employment Opportunity Commission, alleging, among other things, that his retirement was involuntary. In October of 2009, the agency issued a final decision finding neither discrimination nor retaliation.

Escudero then appealed the agency's final decision to the Board, arguing that his retirement was involuntary. After holding a hearing, the administrative judge assigned to Escudero's appeal concluded that Escudero failed to show that his retirement was involuntary. Thus, the Board concluded that it lacked jurisdiction over Escudero's claims.

The deadline for Escudero to file a petition for review by the full Board was April 28, 2010. That deadline passed, and Escudero filed a petition for review on May 3, 2010. The Clerk of the Board advised Escudero that his appeal appeared to be untimely filed and instructed Escudero to file a motion showing that his appeal was timely filed or that good cause existed for the late filing. Escudero failed to respond.

The Board then issued a final order determining that Escudero lacked good cause for filing a late petition. In particular, the Board noted that Escudero failed to present any evidence that would establish good cause. Escudero timely appealed.

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v.*

*Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

Board regulations provide that a petition for review of an initial decision must be filed within 35 days after issuance of the initial decision or, if the petitioner shows that he received the initial decision more than five days after its issuance, within 30 days of receipt of the initial decision. 5 C.F.R. § 1201.114(d). The Board can waive the time limit if the petitioner shows good cause for the delay. *Id.* § 1201.114(e). To establish good cause, the petitioner must demonstrate that he exercised due diligence or ordinary prudence under the circumstances. *Phillips v. U.S. Postal Serv.*, 695 F.2d 1389, 1391 (Fed. Cir. 1982). Whether a regulatory time limit should be excused for good cause "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (*en banc*).

In this case, Escudero failed to present any evidence that his appeal was timely filed or that good cause existed for the delay. In a supplemental brief filed in this court, Escudero declares that he filed his petition on April 26, 2010, but there is no evidence to support this claim. Indeed, the evidence that Escudero points to is an email dated May 6, 2010 that contains no indication that Escudero timely filed his petition for review. On these facts, we cannot conclude that the Board abused its discretion in concluding that Escudero's petition was untimely.

Instead of focusing on the timeliness issues, the bulk of Escudero's appeal challenges the administrative judge's

determination that the Board lacked jurisdiction over Escudero's involuntary retirement appeal. While that issue is not presently before us, *Ashworth v. Merit Sys. Prot. Bd.*, 190 F.App'x 952, 952 (Fed. Cir. 2006), we note that the administrative record contains substantial evidence to support the administrative judge's finding that Escudero failed to prove that his retirement was involuntary.

**AFFIRMED**