**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN EDWARD RUFFIN, JR,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF JUSTICE,
　　　　　Agency.

DOCKET NUMBER
PH-3443-14-0471-I-1

DATE: August 22, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Edward Ruffin, Jr., Dover, Delaware, pro se.

Marcia N. Tiersky, Springfield, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal from the withdrawal of a job offer for lack of jurisdiction and untimeliness. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order concerning the Veterans Employment Opportunities Act of 1998 (VEOA), we AFFIRM the initial decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        In February 1998, the appellant was offered a Veterans Readjustment Appointment (VRA) as an Intelligence Research Specialist with the agency's Drug Enforcement Administration, with a start date of March 1, 1998. Initial Appeal File (IAF), Tab 1 at 9, 15. A few days prior to his start date, he received a telephone call from the agency informing him that due to budgetary restrictions he should not report for duty, and he never reported. *See* IAF, Tab 1 at 9, Tab 4 at 4, Tab 7 at 3. On January 7, 2014, the appellant filed this appeal. IAF, Tab 1.

¶3        The administrative judge issued an acknowledgment order advising the appellant of his burden to prove that the Board has jurisdiction over the agency's failure to hire him. [2] IAF, Tab 2 at 2. In addition, the order advised the appellant

---

[2]  An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). The administrative judge did not provide the appellant with explicit information on what is required to establish jurisdiction under VEOA or the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified

that he has the burden of proof on the issue of timeliness, and that he must file evidence and argument showing that his appeal was timely filed or that good cause existed for the delay. *Id.* at 3. After providing the parties with the opportunity to respond to the order, the administrative judge issued an initial decision dismissing the appeal for untimeliness and lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1.

¶4      The appellant timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the appellant's petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 4-5.

The administrative judge correctly found the appeal untimely.

¶5      The appellant bears the burden of proving by preponderant evidence that he timely filed his appeal. *See Ashworth v. Department of Army*, 100 M.S.P.R. 296, ¶ 4 (2005), *aff'd*, 190 F. App'x 952 (Fed. Cir. 2006); 5 C.F.R. § 1201.56(a)(2)(ii). Generally, an appeal must be filed with the Board no later than 30 calendar days after the effective date of the challenged action, or 30 calendar days after the date the appellant received the agency's decision, whichever is later. *See* 5 C.F.R. § 1201.22(b). This appeal was not filed within 30 days of the challenged action but was filed 16 years later. The appellant claims that he never received any letters or correspondence from the agency subsequent to the agency's advising him not to report. IAF, Tab 1 at 9.

___

at 38 U.S.C. §§ 4301-4333) (USERRA) in the acknowledgment order. In addition, the administrative judge did not provide the appellant with explicit information on what is required of a probationary employee to establish jurisdiction. However, the administrative judge's omission of this information is harmless error because the appeal is untimely and the appellant does not allege that he was discriminated against based on his service in the military. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶6        An appeal that is not filed within the applicable time limit will be dismissed as untimely unless the appellant shows good cause for the delay.  *See* 5 C.F.R. § 1201.22(c).   In finding whether an appellant has established good cause, a determination must be made whether the agency was required to provide notice of the appellant's right to appeal the subject action and whether the agency provided such notice.  *Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 9 (2007).  An agency is required to provide notice to an individual of his appeal rights when issuing a decision on a matter that the agency knows or should have known was appealable.  5 C.F.R. § 1201.21; *see also Gaynor v. U.S. Postal Service*, 43 M.S.P.R. 481, 484 (1990) (noting that an agency is not required to provide an appellant notice of his appeal rights from a retirement where the appellant failed to establish that the agency knew he perceived that the action was involuntary).  In the absence of a duty on the agency's part to provide notice of appeal rights, an appellant must establish that he exercised due diligence in discovering and pursuing his appeal before the Board will excuse an untimely filed appeal for good cause shown.  *Cranston*, 106 M.S.P.R. 290, ¶ 9.

¶7        There is no evidence in the initial appeal file, other than the appellant's allegations, to show that the agency knew or should have known that he was subjected to an appealable action requiring the agency to provide him with notice of Board appeal rights.  IAF, Tabs 1, 4, 7.  The administrative judge found that the appellant had not established that he exercised due diligence in discovering and pursuing his appeal rights.  ID at 5.  We agree with the administrative judge's finding.

¶8        The appellant stated that he filed untimely because he did not have access to high speed internet until 2006, and the agency rarely returned his calls.  *See* PFR File, Tab 1 at 4; IAF, Tab 7 at 3.  He also stated that, "over the years I continued calling and asking questions."  PFR File, Tab 5.  The appellant did not submit any documentation below to corroborate his communications with the agency, and the appellant bears the burden of proving by preponderant evidence that he timely

filed his appeal. Regardless, he stated that he started calling the agency in excess of 18 months after receiving the call not to report. PFR File, Tab 5 at 2. The appellant's delay in pursuing a Board appeal while he informally attempted to resolve the matter with the agency does not constitute good cause for his lengthy filing delay. *See Staton v. Department of Homeland Security*, 103 M.S.P.R. 318, ¶ 12 (2006). Moreover, the appellant has not shown how lacking access to high speed internet is causally related to his substantial delay.

¶9 The appellant argues that there was no consideration given to him caring for his child, enduring failed relationships, and securing employment while surviving discrimination based on his color and military status. *See* PFR File, Tab 1 at 4; IAF, Tab 7 at 3. Alleging stressful personal events without corroborating evidence showing how the events caused his delay does not establish due diligence. *See Melville v. Department of Air Force*, 99 M.S.P.R. 233, ¶ 7 (2005) (the appellant failed to show good cause for his almost 4-month delay in filing his petition for review; although his personal circumstances may have been stressful, he did not submit any corroborating evidence to show that his distress was of a magnitude to justify his delayed filing).

¶10 The appellant also argues in his petition for review that no consideration was given to his health concerns. *See* PFR File, Tab 1 at 4; IAF, Tab 7 at 3. However, he did not raise health concerns below. In his initial appeal, the appellant only stated, "VA forms show I'm 40% disabled and should not have been furloughed." IAF, Tab 1 at 9. In his petition for review, the appellant included an email he sent to the Department of Labor on March 2, 2012, an email he sent to the Office of Personnel Management on May 15, 2012, and a letter that he submitted to the agency dated February 19, 2014, PFR File, Tab 2 at 2, 4-6. The appellant stated that he did not include the emails in his initial appeal because they were on an older computer and he had difficulty retrieving them. PFR File, Tab 1 at 3.

¶11 The Board normally will not consider evidence or legal argument raised for the first time in a petition for review absent a showing that was not previously available despite the party's due diligence. *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 16 (2013); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). The appellant does not explain why he raises for the first time on petition for review his claimed health concerns as an excuse for his delay in filing his Board appeal, and we decline to consider this argument. Further, the appellant has not established good cause for submitting the emails for the first time with his petition for review. Even if it were true that the appellant was unable to retrieve the emails from his computer, this would not necessarily preclude him from retrieving them from another source. Nevertheless, the emails were sent in 2012, and the letter is dated 2014, which is over a decade since the challenged action occurred in 1998. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). We find that the evidence submitted by the appellant for the first time with his petition does not meet this standard because it does not justify his extensive delay in pursuing his rights before the Board.

The Board lacks jurisdiction over this appeal.

¶12 The administrative judge found that the appellant's submissions were nonresponsive on the issue of jurisdiction. ID at 3. We agree with the administrative judge that the appellant has not established Board jurisdiction over his claim. As stated previously, in his initial appeal, the appellant argues, "VA forms show I'm 40% disabled and should not have been furloughed." IAF, Tab 1 at 9. He also stated that he was hired under VRA. IAF, Tab 7 at 3. Nevertheless, we find that the appellant has not established his burden of proof regarding a violation of his veterans' preference rights.

¶13     The Board generally lacks jurisdiction over a nonselection for a position. *See Becker v. Department of Veterans Affairs*, 112 M.S.P.R. 507, ¶ 5 (2009); *Brown v. Office of Personnel Management*, 91 M.S.P.R. 314, ¶ 7 (2002).  Moreover, an agency rescission of an appointment before performance in the position is generally not an appealable action.  *See Sapla v. Department of Navy*, 118 M.S.P.R. 551, ¶¶ 10-11 (2012).

¶14     The appellant indicates in his petition for review that he "was hired under [VRA] and consideration should have been made."  PFR File, Tab 1 at 8.  VRA appointees have the same appeal rights during the first year of their trial periods as competitive service employees.  *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 18 (2011).  Therefore, a VRA appointee who is terminated within 1 year for post-appointment reasons may appeal his termination to the Board if he raises a nonfrivolous allegation that it was based on partisan political reasons or marital status discrimination.  *Ellis v. Department of Treasury*, 81 M.S.P.R. 6, ¶ 6 (1999) (citing 38 U.S.C. § 4214(b)(1)(E)).

¶15     Although the appellant provided documentation of an offer of employment, he did not provide any documentation indicating that he accepted the offer or was actually hired by the agency.  *See* IAF, Tabs 1, 4, 7; *see also* PFR File, Tabs 1-2, 5.  Further, there is no evidence establishing he was terminated.  In the absence of a termination, the appellant does not have a right to appeal on the basis that he was terminated for improper reasons.

¶16     Moreover, the Board does not have jurisdiction under VEOA.  To establish the Board's VEOA jurisdiction, an appellant must show, in pertinent part, that the actions at issue took place on or after VEOA's enactment on October 30, 1998.  *Coster v. Department of Agriculture*, 103 M.S.P.R. 191, ¶ 4 (2006).  The appellant's offer of employment letter indicates that his appointment was to be effective on March 1, 1998, with a start date of March 2, 1998.  IAF, Tab 1 at 15.  The appellant stated that, "the Friday prior to my departure I was called and told not to come due to budget issues."  *Id.* at 9.  Therefore, the alleged action took

place prior to October 30, 1998. Consequently, the Board lacks jurisdiction under VEOA.[3]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory

---

[3] The appellant states in his petition for review that there was no consideration given to the fact that he had to "secure employment often surviving discrimination based on [his] color and military status." PFR File, Tab 1 at 4. He also states that as a veteran, he should have been permitted to report for duty and that the agency discriminated against him when the individual who told him not to report did not disclose his name on the phone and did not follow up with him on how to proceed. *See* PFR File, Tab 1 at 8. However, the appellant does not allege that he was discriminated against based on his service in the military. Therefore, we do not interpret the appellant's claims as arising under USERRA. Nevertheless, because USERRA provides an independent jurisdictional basis, the appellant may file a new appeal with the regional office if he believes that the agency discriminated against him in violation of USERRA. *See Metzenbaum v. General Services Administration*, 83 M.S.P.R. 243, ¶ 8 (1999). To establish jurisdiction over his USERRA claim, the appellant need only allege that he served in the military; he was denied initial employment, reemployment, retention in employment, promotion, or a benefit of employment; and the denial was due to his service in the military. *Beck v. Department of Navy*, 120 M.S.P.R. 504, ¶ 8 (2014).

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.